62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin N. PEEVY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-7150.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Alvin N. Peevy appeals an order of the district court affirming the Secretary's determination that he was not disabled and, therefore, not entitled to Social Security disability benefits. We affirm.
 
 
 3
 Plaintiff alleged disability due to severe back and leg pain caused by degenerative disc disease and herniated discs, rectal bleeding, hemorrhoids, stomach trouble, and depression. Rec. Vol. II at 77. He also alleged disability due to narcolepsy. Id. at 82. The administrative law judge (ALJ) denied benefits at step five of the sequential evaluation test applicable to the determination of whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 751-52 (10th Cir.1988). The ALJ held plaintiff retained the residual functional capacity to perform the full range of light and sedentary work.
 
 
 4
 On appeal, plaintiff argues the ALJ's determination as to his back pain and narcolepsy is not supported by substantial evidence and plaintiff's testimony was credible.[3] Plaintiff also argues the grids should not have been used because his nonexertional impairments of pain and narcolepsy necessitated the testimony of a vocational expert.
 
 
 5
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted).
 
 
 6
 In his disability report, plaintiff reported his back first began troubling him "at least 20 years ago." Rec. Vol. II at 77. In 1990, plaintiff reported to his physician that he had had back pain for ten years. While one physician speculated plaintiff may require disc surgery in the future, no physician has opined that plaintiff is disabled. Indeed, three years after plaintiff alleged disability, his physicians identified minimal back restrictions. See id. at 146 (noting decreased range of motion of the lower spine but no gross abnormality); 147 (noting plaintiff walked with normal gait as to speed, stability, and safety; used no cane, crutch or wheelchair for ambulating; demonstrated slight tenderness in lumbosacral region). The physicians' diagnoses of plaintiff's back problems have ranged from lumbar strain or mild osteoarthritis, id. at 137, to a possible herniated disc, id. at 118, to musculoskeletal pain, id. at 149.
 
 
 7
 Plaintiff has had problems with sleepiness and being tired for twenty years. Id. at 113. In 1989, plaintiff was diagnosed with probable narcolepsy for which he refused treatment. Id. at 110. At that time, plaintiff had a CT scan of his brain which showed a "slight loss of brain substance bilaterally consistent with early atrophic changes," and "some early changes of cerebral atrophy which is more than expected for age of patient." Id. at 113. His CT scan was "otherwise normal." Id. The significance of these early atrophic changes and their impact on plaintiff's physical and or mental abilities is not explained. Plaintiff's EEG was normal. Id. at 114.
 
 
 8
 The evidence shows, and the ALJ agreed, that plaintiff has back pain and has a problem with sleepiness. However, no medical evidence supports plaintiff's claim that these problems are disabling. See, e.g., Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990)(claimant's testimony regarding severity of pain must be consistent with medical records); Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990)(medical evidence must corroborate claimant's testimony that she was unable to work).
 
 
 9
 The ALJ considered the factors enumerated in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987) in evaluating plaintiff's subjective complaints of pain. The record supports the ALJ's findings that plaintiff was not under regular medical treatment for back pain, nor had he pursued suggested alternative treatment such as physical therapy. Plaintiff does not take pain medication, use a back brace, or engage in exercises to relieve back pain. None of plaintiff's physicians had placed him on any specific restrictions. Further, his daily activities indicated an ability to perform light and sedentary work. His activities included housework, doing laundry, mowing his yard, and tending flowers.
 
 
 10
 Plaintiff was gainfully employed while exhibiting the same symptoms he now claims are disabling. A finding of disability requires more than the inability to work without pain. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). Further, plaintiff has presented no evidence that his condition had worsened as of the date he claims disability. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir.1992)(testimony alone cannot establish nonexertional impairment). One physician's speculation that plaintiff may need surgery in the future does not support a finding that plaintiff's pain is currently disabling.
 
 
 11
 Plaintiff argues the ALJ should not have relied on the grids, 20 C.F.R. pt. 404, subpt. P, app. 2, and that vocational expert testimony was required. The grids were promulgated to assist the ALJ in evaluating whether sufficient jobs exist which a claimant can perform "given the claimant's age, education, and physical limitations." Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir.1991). The existence of nonexertional impairments may make resort to the grids inappropriate. Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir.1994). However, the presence of nonexertional impairments does not preclude use of the grids. Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir.1988). Their use is precluded only if the nonexertional impairments further limit the claimant's ability to perform work. Id.
 
 
 12
 Here, plaintiff's nonexertional impairments are pain and narcolepsy. As noted above, there is substantial evidence to support the ALJ's conclusion that these nonexertional limitations did not further limit plaintiff's ability to perform work. Therefore, the ALJ's use of the grids in this case was appropriate. Id.; Hargis, 945 F.2d at 1490 (grids may be applied conclusively only when claimant can perform full range of work required of category on a daily basis and claimant possesses physical capacities to perform most jobs in range).
 
 
 13
 Plaintiff's final contention that testimony from a vocational expert was required in this case is moot as a result of our determination that the ALJ properly relied on the grids.
 
 
 14
 The judgment of the district court affirming the decision of the ALJ is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Because plaintiff does not argue error as to the ALJ's determination relative to his hemorrhoids, stomach trouble, and depression, we conclude he has abandoned his claims of disability based on these ailments. Cf. Snell v. Tunnell, 920 F.2d 673, 676 (10th Cir.1990)(appellate court will not decide issues if appealing party does not appeal adverse ruling), cert. denied, 499 U.S. 976 (1991)