68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobbye J. GOLSTON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7006.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Bobbye J. Golston appeals the district court's affirmance of the decision by the Secretary of Health and Human Services (Secretary) denying her application for social security benefits. Because the Secretary's decision is supported by substantial evidence and correct legal standards were applied, we affirm.
 
 
 3
 Ms. Golston applied for disability and supplemental security income benefits in September 1991, alleging an inability to work after December 3, 1990, due to high blood pressure, kidney problems, bad vision, and a hysterectomy. After a hearing, the administrative law judge (ALJ) concluded that Ms. Golston could not return to her former work as a medication aide, but that she retained the ability to perform the full range of sedentary work. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.
 
 
 4
 Ms. Golston filed an action in the United States District Court for the Eastern District of Oklahoma. After reviewing the record, the district court affirmed the Secretary's decision. This appeal followed.
 
 
 5
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 Ms. Golston argues that the record does not contain substantial evidence to support a conclusion that she can perform the full range of sedentary work. Sedentary work involves lifting no more than ten pounds at a time and is performed primarily in a seated position, although occasional walking and standing may be required. 20 C.F.R. 404.1567(a), 416.967(a).
 
 
 7
 Here, the medical evidence shows that Ms. Golston suffers from high blood pressure which, since her 1990 hysterectomy, has been difficult to control. There is no evidence of any organ damage, however, and no doctor has opined that Ms. Golston is disabled. In fact, the record does not contain any evidence of exertional impairments whatsoever, aside from Ms. Golston's testimony that she can lift no more than ten pounds and can only stand for ten minutes. A person with these exertional limitations can still perform sedentary work.
 
 
 8
 At the hearing, Ms. Golston testified that she suffers from headaches, dizziness, fatigue, and blurry vision. The ALJ determined that Ms. Golston was not wholly credible, and that her nonexertional impairments did not affect her ability to perform sedentary work. The ALJ's credibility determinations are accorded significant deference on appeal. Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir.1987).
 
 
 9
 The record supports the ALJ's findings. Ms. Golston testified that her headaches improved with medication, and that constipation was the only side effect produced by the medication. R. II at 32. There is evidence that Ms. Golston is able to read a newspaper and watch television, and that her eyes blur only after concentrating for a long time. Id. at 92. Her ophthalmologist noted that Ms. Golston's vision was correctable to 20/20 in each eye, and that the "mild evidence" of a periodic allergic phenomenon or tear film insufficiency could be treated by using artificial tears four times a day. Id. at 149.
 
 
 10
 Although Ms. Golston testified at the hearing that her fatigue was so severe she had trouble bathing and dressing, id. at 36, she also has stated that she gets her son ready for school, cooks twice a day, does laundry, washes dishes, goes shopping, rakes the yard, goes fishing, walks daily, and visits her neighbor and her mother every day, id. at 36, 79. Ms. Golston's dizziness, which she reported occurs upon changes in position, id. at 116, does not preclude the performance of sedentary work, which is done primarily in a seated position. This is especially true in light of Ms. Golston's testimony that fatigue is the only problem she experiences when sitting. Id. at 36-37.
 
 
 11
 Because substantial evidence supports the conclusion that Ms. Golston can perform the full range of sedentary work, the ALJ did not err in relying on the grids, rather than calling a vocational expert, to determine that she is not disabled. Although a vocational expert should be consulted when a "claimant's residual functional capacity is diminished by both exertional and nonexertional impairments," Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir.1991), this requirement applies only when the exertional and nonexertional impairments limit the claimant's ability to perform the full range of work within a particular exertional category, id. at 1490, 1492. When an ALJ finds, based on substantial evidence, that a claimant's nonexertional impairments do not limit the range of jobs available to her, the grids may be applied conclusively. See, e.g., Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir.1994); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir.1988).
 
 
 12
 The issue of whether the ALJ sufficiently developed the record was not presented to the Appeals Council or to the district court. Absent compelling reasons, we will not address an issue raised for the first time on appeal. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994). We do note, however, that the ALJ's conduct in this case was marginally sufficient; he would have better fulfilled his duties by obtaining medical evidence as to the effect of Ms. Golston's blood pressure on her ability to perform work-related activities.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470