**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HERSHEL PAYTON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5124
(D.C. No. 95-CV-468-J)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

Hershel Payton appeals an order of the district court affirming the decision

of the Secretary of Health and Human Services, denying his request for social

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner was named in the district court action and is therefore the properly named party on appeal, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying agency decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

security disability benefits and supplemental security income benefits.[1]  Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence, and whether the Secretary applied correct legal standards.  Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  In light of these standards, and after a thorough review of the record, we affirm.

Claimant alleges disability from July 18, 1990, due to a back impairment. In order to determine whether a claimant is under a disability, the Secretary applies a five-step process.  20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).  Here, the ALJ reached step five of the applicable analysis, determining that, although claimant was unable to return to his past relevant work, he had the residual functional capacity (RFC) to perform a full range of light and sedentary work. The ALJ relied on the medical-vocational guidelines (or "grids"), 20 C.F.R., Pt. 404, Subpt. P, App. 2, to find a significant number of jobs that claimant could perform, thereby compelling a conclusion that claimant was not disabled.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

After the Appeals Council denied review, claimant filed suit in federal district court. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before a magistrate judge, who affirmed the agency's decision. This appeal followed. On appeal, claimant alleges several errors by the ALJ. Specifically, he contends that: 1) his spinal impairment meets the criteria for a listed impairment; 2) a combination of physical and mental limitations prevents him from performing light work; 3) the ALJ's reliance on the grids was erroneous due to claimant's nonexertional limitations; 4) the ALJ improperly discredited claimant's testimony; 5) the ALJ improperly weighed the disability opinions of his treating physicians; 6) the ALJ erred in relying on claimant's daily activities as support for his RFC finding; and 7) the ALJ improperly relied on claimant's failure to seek medical treatment in light of the evidence that claimant had no money or resources.

Absent compelling circumstances, we do not consider issues raised on appeal but not presented to the district court. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Although it appears that all of the arguments claimant urges on appeal were presented to the Social Security Administration, the record on appeal indicates that only three issues were argued to the district court. The district court's order summarizes the issues presented as: 1) the ALJ erroneously failed to find claimant's depression a severe impairment; 2) the ALJ improperly relied on the grids due to the presence of nonexertional impairments; and 3) the

ALJ failed to give proper weight to the opinions of Drs. Martin and Robinette. Appellant's Appendix at AP-5. Claimant has provided no evidence that issues other than these were argued to the district court.[2] Therefore, we will apply our general rule and consider only those issues raised below.

On appeal, claimant does not discuss the first issue raised with the district court, namely the ALJ's alleged failure to recognize his depression as a severe impairment. Accordingly, the issue is waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Claimant contends that his spinal impairment meets or exceeds the listing at 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.05C. Aside from a citation of the listing itself and a review of some of the medical evidence, however, claimant does not state why his condition meets the listing. We agree with appellee that claimant has not demonstrated the presence of a vertebrogenic disorder of the magnitude required, and has not demonstrated that his condition has resulted in significant motor loss.

Claimant argues that the ALJ did not give controlling weight to the disability opinions of Drs. Martin and Robinette. Those opinions are not dispositive because, under the applicable regulations, the responsibility for the

---

[2]     Claimant has also failed to follow this court's rules, which require parties to include in their briefs "with respect to each issue raised on appeal, a statement as to where in the record the issue was raised and ruled upon." 10th Cir. R. 28.2.

final determination of disability lies with the agency, not a claimant's physician. See 20 C.F.R. §§ 404,1527(e)(2); 416.927(e)(2); Castellano, 26 F.3d at 1029. We agree with the district court that the ALJ provided ample reason for his decision to reject these opinions. See Goatcher v. United States Dep't of Health Human Servs., 52 F.3d 288, 290 (10th Cir. 1995) (ALJ must give specific, legitimate reasons for disregarding a treating physician's disability opinion). We will not reweigh the evidence. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).

The last issue raised before the district court is a challenge to the ALJ's reliance on the grids. Claimant contends that due to the presence of his nonexertional limitations--back pain and depression--the ALJ erred in using the grids and therefore did not carry the agency's burden at step five. See generally Thompson v. Sullivan, 987 F.2d 1482, 1487-88 (10th Cir. 1993). On this issue, the district court correctly noted that use of the grids is precluded only when nonexertional impairments limit the range of jobs available in a given work category. See Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994). Here, the ALJ concluded, based on substantial evidence in the record, that claimant's acknowledged nonexertional impairments did not limit his RFC to perform light work. Accordingly, use of the grids was appropriate.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge