**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ARTURO OCHOA,

     Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,*

     Defendant-Appellee.

No. 96-2301
(D.C. No. CIV-95-1150-M)
(D. N.M.)

---

ORDER AND JUDGMENT**

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

\*\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Arturo Ochoa appeals the district court's judgment affirming the decision by the Commissioner of Social Security denying his applications for benefits. Because the Commissioner's decision is supported by substantial evidence, we affirm.

In October 1988, plaintiff injured his back and was diagnosed with a left-sided herniated disc at L5-S1. He underwent two back surgeries, the first in November 1988, and the second in June 1989. In November 1991, medical tests revealed L5 disc degeneration with an annular rupture. In September 1991, plaintiff applied for disability benefits and supplemental security income benefits, alleging an inability to work due to back and left leg pain. After a hearing, an administrative law judge found that although plaintiff cannot return to his former work, he is not disabled because he retains the ability to do the full range of sedentary work. The Appeals Council denied review, making this the final decision of the Commissioner. The district court affirmed, finding that although a vocational expert should have been consulted, the record supported a finding that plaintiff is not disabled. This appeal followed.

We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations and citations omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, plaintiff argues that the district court erred in finding that his impairment did not meet or equal the criteria for a listed impairment, and in finding that the Commissioner met his burden of showing that plaintiff retained the ability to perform a significant number of jobs without a vocational expert's testimony.

A vertebrogenic disorder such as plaintiff's is deemed disabling upon repeated findings of continuous

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.05(C) & 1.00 (noting that abnormal findings must persist on repeated examinations to establish continuous presence).

Plaintiff's medical records do not support this degree of limitation on a continuous basis. His treating neurosurgeon reported on numerous occasions that plaintiff had no weakness in either lower extremity and that his reflexes were normal, see Appellant's App. at 94, 98, 100, 104, 136. In addition, plaintiff's episodes of pain were described as "minor," id. at 95, and the surgeon did not find "[p]ain, discomfort or loss of sensation or strength" to increase plaintiff's impairment rating, id. at 100. Subsequent examinations by other physicians revealed no muscle spasm, see id. at 157, 167, no atrophy, see id. at 158, and normal motor and sensory functions, see id. at 167. Although there are occasional findings of loss, such as a decreased Achilles reflex in the left leg, see id. at 157, a decrease in the circumference of the left thigh, see id. at 167, and denervation of the left L5 myotome, see id. at 159, these findings have not been repeated, and do not meet the listing requirement that they be persistent and continuous.

Plaintiff argues that the Commissioner's finding that he can perform the full range of sedentary work is not supported by the record, and that, therefore, the testimony of a vocational expert was necessary. He argues that he cannot perform the full range of sedentary work due to his limitations in lifting, sitting, and standing, combined with his illiteracy and inability to communicate in English. After reviewing the record, we conclude the Commissioner's finding is supported by substantial evidence.

Sedentary work "involves lifting no more than 10 pounds at any time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary . . . ." 20 C.F.R. § 404.1567(a). Plaintiff's ability to lift fifteen pounds and to stand up to an hour at a time fits this criteria. Although consulting physician Davis noted that plaintiff's ability to sit for long periods may be affected, he concluded that plaintiff retained the ability to sit from four to six hours during the day with appropriate rest periods to stretch and move around. See Appellant's App. at 168. He also suggested that his assessment be coordinated with the records of plaintiff's treating physician, who noted no such limitation on plaintiff's abilities, restricting him only from stooping, bending, and lifting over fifteen pounds See id. at 175. Further, the functional assessment performed on plaintiff in March 1990, although partially invalidated due to the perception that plaintiff was not performing up to his true capabilities, nonetheless assessed his ability to sit as unlimited. See id. at 147, 153.

The Commissioner's finding that plaintiff's pain did not prevent him from performing the full range of sedentary work is also supported by substantial evidence. At the time of the hearing, plaintiff used only over-the-counter pain medication, which was fairly effective in relieving his pain, see id. at 194-95.

Although he used a cane, several medical sources questioned his need for this device. See id. at 147, 167. Moreover, plaintiff's treating neurosurgeon, in rating plaintiff's impairment, did not assess any additional impairment due to pain or weakness. See id. at 100.

Because substantial evidence supports the conclusion that plaintiff can perform the full range of sedentary work, the ALJ did not err in relying on the grids, rather than calling a vocational expert, to determine that he is not disabled. A vocational expert should be consulted when a "claimant's residual functional capacity is diminished by both exertional and nonexertional impairments." Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991). This requirement applies, however, only when the claimant's exertional and nonexertional impairments limit his ability to perform the full range of work within a particular exertional category. See, e.g., Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995); Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994). Plaintiff's illiteracy and inability to communicate in English do not require a different result, as the grids take these factors into account in determining whether a claimant is disabled. See 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(i).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge