Jewell L. GLASS, Plaintiff–Appellant,

v.

Donna SHALALA, Secretary of Health and Human Services, Defendant–Appellee.

No. 94–7061.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1994.

Paul F. McTighe, Jr., Tulsa, OK, for plaintiff-appellant.

John W. Raley, Jr., U.S. Atty., Cheryl R. Triplett, Asst. U.S. Atty., Muskogee, OK, Gayla Fuller, Chief Counsel, Region VI, Charlene M. Seifert, Acting Chief, Social Security Branch, Joseph B. Liken, Supervisory Asst. Regional Counsel, Social Security Branch, Office of the General Counsel, U.S. Dept. of H.H.S., Dallas, TX, for defendant-appellee.

Before BRORBY and EBEL, Circuit Judges, and SAM,* District Judge.

EBEL, Circuit Judge.

Claimant Jewel Glass appeals from an order of the district court affirming the Secretary's decision to deny her disability and supplemental security income benefits. She maintains the Administrative Law Judge (ALJ) erred in several respects in denying her benefits. She argues the medical records and her testimony show, without question, total disability commencing in 1990. In addition, Ms. Glass has asserted an independent due process violation arising from the ALJ's decision to question a vocational expert outside her presence.[1]

At the time of the administrative hearing on February 20, 1992, Ms. Glass was forty-five years old. She has a tenth grade education. Her past relevant work includes being a home care provider, a sewing machine operator, and a poultry worker. She alleges disability based on multiple impairments including high blood pressure, back and leg pain, stomach upset and memory problems. In an opinion issued on March 6, 1992, the ALJ determined she was not disabled. He ruled she could perform a full range of sedentary and light work. Because her past positions fell in this category, he concluded she could still perform that work.[2]

The ALJ actually considered Ms. Glass' application in two parts. A hearing was scheduled initially on January 8, 1992. Ms. Glass came to that hearing unrepresented. After a colloquy with the ALJ, a continuance was granted to enable her to obtain a representative. After the continuance was granted, however, the ALJ took testimony from a vocational expert who was scheduled to appear that day. The record reflects that Ms. Glass did not ask any questions of the expert, and, in fact, it appears she was not present when the testimony was recorded.

At the rescheduled hearing on February 20, Ms. Glass was represented by an attorney. Following the presentation of testimony, the ALJ asked counsel if he had any objection to the prior testimony of the expert. The attorney responded that he had no objections and had nothing further for the ALJ's consideration. The hearing was then concluded. Ms. Glass obtained a different attorney to pursue her application from that

---

* Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The parties have described the ALJ's ruling as a step five determination. See 20 C.F.R. §§ 404.1520(a)–(f), 416.920(a)–(f) (describing sequential evaluation process used in disability determinations); see also Williams v. Bowen, 844 F.2d 748, 750–52 (10th Cir.1988) (same). We agree, despite the ALJ's ultimate conclusion that Ms. Glass can return to her past work, because the decision relies on the grids and expert testimony. See Williams, 844 F.2d at 751 (Secretary may meet step five burden through resort to the grids).

point on. The due process challenge which claimant has asserted here is based on the ALJ's conduct in hearing expert testimony outside her presence.

The Appeals Council upheld the ruling of the ALJ, thereby making it the final decision of the Secretary. Ms. Glass then exercised her right to seek judicial review in the district court. She filed a two-page complaint alleging the Secretary erred in finding her not disabled because she has severe pain, back problems, and postural problems. The magistrate issued a report and recommendation to uphold the Secretary's decision. The district court adopted that report, and this appeal followed.

Although it is now settled law, we repeat once again our evidentiary standard of review. We are limited to determining whether the ALJ's decision is substantially supported in the record. *Ragland v. Shalala,* 992 F.2d 1056, 1057 (10th Cir.1993). We have defined "substantial evidence" as more than a scintilla. It is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988) (quoting *Broadbent v. Harris,* 698 F.2d 407, 414 (10th Cir.1983) (additional quotation omitted)).

In reviewing the record to make the substantial evidence determination, we may not reweigh the evidence nor substitute our judgment for the Secretary's. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir.1993). Indeed, we normally defer to the ALJ on matters involving the credibility of witnesses. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1499 (10th Cir.1992). We note, however, that the failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis. *Thompson,* 987 F.2d at 1487. It is with these standards in mind that we review the ALJ's decision here.

Ms. Glass advances three main arguments on appeal. First, she contends the ALJ did not apply the proper analysis to her complaints of pain and did not develop her case sufficiently to evaluate that pain. This failure, she maintains, resulted in both legal and evidentiary error. As a corollary, Ms. Glass argues it was improper to apply the Medical–Vocational Guidelines (grids) because her pain and hypertension prohibit her from performing a full range of light and sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, and §§ 201.18, 202.17. Finally, she alleges an independent denial of due process arising from the ALJ's examination of the vocational expert outside her presence. We address these arguments in turn.

Ms. Glass does not argue that her physical limitations, standing alone, require the Secretary to find her disabled. Instead, she maintains her physical impairments, combined with the impact of pain and her problems with hypertension, must result in an award of benefits. This court has spoken often on the appropriate analysis for considering complaints of pain in this context.

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave v. Sullivan,* 966 F.2d 1371, 1375–76 (10th Cir.1992) (citing *Luna v. Bowen,* 834 F.2d 161, 163–64 (10th Cir.1987)). Ms. Glass' main complaint appears to be disabling pain originating in her back and extending into her legs.

The medical records reveal Ms. Glass has "minimal degenerative changes" in her back. Appellant's App. at 201. Despite extensive testing, however, her physicians have been unable to confirm any other objective reasons for her pain. The medical documentation speaks only of potential or possible joint disease. *Id.* at 260, 279. The testing performed reveals no inflammatory joint disease and adequate ability to flex her extremities. *Id.* at 279. Moreover, the records reveal that Ms. Glass' hypertension can be controlled well if she takes her medication properly. *Id.* at 213.

The ALJ found that Ms. Glass' impairments could reasonably be expected to pro-

duce some pain. Therefore, in accordance with the required approach, he went on to review all of the evidence to evaluate whether Ms. Glass' nonexertional impairments render her disabled. He concluded, based on the entire record, that her complaints of disabling pain were not credible. The opinion reflects that the ALJ conducted the appropriate analysis. There is substantial evidence in the record to support his conclusions.

Ms. Glass also argues the ALJ could not make proper findings because he did not develop the record sufficiently to evaluate her pain. Although she does not state what additional information she would have provided, Ms. Glass argues the ALJ should have inquired more specifically regarding her activities and the effect that pain has on her ability to work. She maintains the ALJ did not satisfy the Secretary's duty under *Luna*.

 We agree with Ms. Glass that every ALJ has "a basic obligation ... to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir.1993). This duty is not a panacea for claimants, however, which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning. *See id.* at 361 (noting that it is not the ALJ's duty to become claimant's advocate). Here, the hearing transcript reveals Ms. Glass spoke extensively on the nature of her impairments and their impact on her physical abilities.

 Specifically, Ms. Glass described her pain and the effect it has on her ability to function on a daily basis. She told the ALJ what medication she was taking and that she experienced some stomach upset when she took certain pills. She also answered several questions about her residual functioning capacity. When the ALJ's questioning is reviewed in conjunction with the documentary record, it leads us to conclude the duty of inquiry was satisfied in this matter. *See*

*Younger ex rel. Younger v. Shalala*, 30 F.3d 1265, 1269 (10th Cir.1994) (duty satisfied where record as a whole showed ALJ apprised himself of pertinent facts and circumstances).

 Ms. Glass also maintains it was error to apply the grids. She is correct that the existence of disabling pain may make resort to the grids inappropriate. *Thompson*, 987 F.2d at 1488. The grids may be used, however, where the ALJ finds, based on substantial evidence, that the nonexertional impairment does not affect residual functioning capacity. *Gossett v. Bowen*, 862 F.2d 802, 806–07 (10th Cir.1988). We have already held substantial record evidence supports the ALJ's decision to disregard Ms. Glass' testimony concerning the extent of her nonexertional impairments. Consequently, it was not error to apply the grids.

 Finally, we turn to Ms. Glass' due process challenge. Relying on *Allison v. Heckler*, 711 F.2d 145 (10th Cir.1983), she maintains the ALJ should have allowed her to cross-examine the vocational expert who testified in her absence at the first hearing. It is certainly true that disability applicants must be afforded procedural due process protections in the hearing setting. *Id.* at 147; *Richardson v. Perales*, 402 U.S. 389, 401–02, 91 S.Ct. 1420, 1427–28, 28 L.Ed.2d 842 (1971). We agree with Ms. Glass that the ALJ's decision to allow this testimony, despite the grant of a continuance, was inappropriate. We admonish the Secretary not to allow this practice in the future.

 Here, however, the ALJ questioned counsel at the second hearing regarding the vocational expert's statements. The ALJ told the attorney exactly what he had done and inquired whether there was any objection to the testimony. Appellant's App. at 64. Ms. Glass' counsel stated he had no objections to the testimony and had nothing further for the ALJ's consideration. Thus, claimant waived her right to cross-examine the witness.[3] *See Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir.1990) (holding attor-

---

**3.** Contrary to Ms. Glass' assertions, the ALJ did not have an obligation to inform this representative, who was a licensed attorney, that he had the

right to cross-examine the witness. *Coffin*, 895 F.2d at 1212.

ney waived right to cross-examine where he failed to object to interrogatories); *Hudson v. Heckler,* 755 F.2d 781, 784 (11th Cir.1985) (holding representative waived right to cross-examine doctor where he failed to respond to opportunity to do so).

Furthermore, the ALJ's use of the expert testimony was limited to determining 1) that claimant's past relevant work was light in nature, and 2) that given her physical limitations, there were other jobs in the national economy which she could perform. Claimant has not raised any objection to these specific findings, and the record supports the vocational expert's description of claimant's physical impairments. There has been no showing that, given the ALJ's justified disregard of claimant's statements of pain, cross-examination would have altered the evidence before the ALJ. *See generally Wallace v. Bowen,* 869 F.2d 187, 194 (3d Cir.1988) (noting that failure to allow cross-examination "could have unfairly affected the ultimate result"). Consequently, we hold the ALJ's conduct, although improper, does not require reversal.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.