69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kimberly S. HOOD, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-1047.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Kimberly Hood appeals from a judgment affirming the Secretary's denial of plaintiff's application for supplemental security income benefits. We affirm.
 
 
 3
 Plaintiff was born on May 22, 1963, and has a ninth-grade education. She is a former horse trainer, janitorial worker, and laborer. She applied for benefits in December 1992, alleging she had been unable to work since March 30, 1990, due to a back impairment. Her application was denied initially and on reconsideration.
 
 
 4
 Following an evidentiary hearing, the administrative law judge (ALJ) denied benefits at step five of the evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988). The ALJ recognized that plaintiff's impairment--a history of degenerative disc disease of the lumbosacral spine and degenerative arthritis of the cervical spine with two laminectomies and a spinal fusion--was severe. However, she found it did not meet or equal a listed impairment for twelve continuous months. She further found that although plaintiff could not perform her past relevant work, she did have the residual functional capacity (RFC) to perform light jobs that allowed for an occasional change of position and did not require repetitive bending. The ALJ did not believe plaintiff's nonexertional limitations significantly reduced the number of light jobs she could perform, and specifically found that she could perform the jobs of assembler, call out operator, and information clerk. She therefore found plaintiff was not disabled. The Secretary denied review; consequently, the ALJ's decision stood as the Secretary's final decision. The district court concluded there was substantial evidence to support the Secretary's findings and affirmed.
 
 
 5
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether she applied correct legal standards. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted).
 
 
 6
 Plaintiff contends the Secretary's finding that she did not meet the listing at 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.05C, is not supported by substantial evidence. Medical tests revealed that plaintiff did not have disc herniation or significant spinal stenosis after her surgeries. An MRI of plaintiff's cervical spine did reveal a minimal posterior bulge at C4-5 and a small bone spur at C5-6. However, Dr. Warson found she had no major motor, sensory, or reflex abnormalities, and only some limitation of rotation of her head and neck to the left. Since both the diagnosis and the findings must be shown to exist for a listing to apply, 20 C.F.R. 416.925(d), plaintiff has not shown she meets the listing at 1.05C.
 
 
 7
 Plaintiff apparently contends that she should have been found disabled because she has had two surgeries and has been diagnosed as having a bulging disc. However, the existence of an impairment, alone, is insufficient to establish that one is disabled. Rather, the impairment must result in the inability to do one's previous work or any other substantial gainful activity. 20 C.F.R. 416.905(a).
 
 
 8
 There is no dispute that plaintiff's impairment prevents her from returning to her previous work. In order to meet her burden of proving that plaintiff was able to perform other substantial gainful activity, the Secretary presented vocational evidence that a thirty-year-old person who had a ninth-grade education, could perform only unskilled work, could not lift more than twenty pounds, would need to alternate between sitting and standing every one or two hours, and could only occasionally stoop or bend, would be able to perform the jobs of assembly work, telephone answering service operator, call out operator, and information clerk.
 
 
 9
 Plaintiff complains that the hypothetical question to the expert did not include her need to lie down at her own physical demand, her trouble concentrating due to medications, and her need to change positions every ten to fifteen minutes. The ALJ, however, did ask the vocational expert to assume the hypothetical person would have to change positions more frequently than once an hour. The vocational expert concluded that if the individual had to change position more frequently than once an hour, this would moderately impact the number of telephone answering service operator jobs that she could perform.
 
 
 10
 The hypothetical question should include all--and only--those impairments borne out by the evidentiary record. Evans v. Chater, 55 F.3d 530, 532 (10th Cir.1995). The Secretary rejected plaintiff's testimony that her pain was so severe she had to lie down every few hours, finding that the severity of pain alleged was not supported by other medical and nonmedical evidence. She also found plaintiff did not exhibit an inability to concentrate at the hearing, despite plaintiff's claim that the medication she had taken shortly beforehand made her drowsy and inattentive. These findings are supported by the record; consequently, we conclude the hypothetical question was not erroneous.
 
 
 11
 Plaintiff next challenges the Secretary's finding that both the medical and nonmedical evidence did not support her claim of completely disabling pain. After a claimant has established, through objective medical evidence, a pain-producing impairment and a loose nexus between the impairment and her subjective allegations of pain, the Secretary must consider whether both objective and subjective evidence support a finding that the claimant's pain is disabling. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir.1993). Some of the factors to consider include the levels of medication taken and their effectiveness, the extensiveness of the claimant's medical and nonmedical attempts to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility, and consistency of nonmedical testimony with objective medical evidence. Id. at 1489.
 
 
 12
 The Secretary noted that the objective medical evidence indicated plaintiff recovered from her two surgeries without significant neurologic deficit, and her CT scans and MRIs failed to show significant spinal stenosis or disc herniation. The Secretary also concluded plaintiff's daily activities were inconsistent with a claim of totally disabling pain. She noted plaintiff continued to do some horse training on a part-time basis and could handle her own personal care chores, do light cooking and dishwashing, drive a car ten miles, watch television, and visit friends and relatives. Finally, the Secretary relied on plaintiff's appearance and demeanor at the hearing.
 
 
 13
 The Secretary considered the appropriate factors in evaluating plaintiff's subjective complaints of disabling pain. Although Dr. Warson stated that plaintiff was unable to work, this was based on his conclusion that plaintiff was unable to return to horse training and had no other educational or vocational training or skills. It was not an assessment that she was unable to perform any sedentary or light work.
 
 
 14
 Additionally, Dr. Warson noted on February 4, 1993, that plaintiff was continuing to work her horses, clean stalls, etc., but needed help. While plaintiff denied that she had continued to do horse training as of that date, we see no reason to depart from our usual deference to the ALJ on matters involving the credibility of witnesses. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir.1994). We therefore conclude that substantial evidence supports the finding that plaintiff does not have pain which prevents her from performing sedentary and light work.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470