56 F.3d 77
 Medicare & Medicaid Guide P 43,260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alan R. BONEBRAKE, D.C., Plaintiff-Appellant,
v.
UNITED STATES of America; Department of Health and Human
Services; Attorney General of the United States,
Defendants-Appellees.
 No. 94-6296.
D.C. No. CIV-94-42-W.
 
 1
 United States Court of Appeals, Tenth Circuit.
 
 
 2
 May 30, 1995.
 
 
 3
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff, appearing pro se, is a chiropractor who appeals the decision of the Secretary of Health and Human Services (Secretary) to exclude him from participation for two years in the Medicare program and certain federally assisted state health care programs, defined in 42 U.S.C. 1320a-7(h), referred to as Medicaid programs. Following a hearing and decision by an administrative law judge (ALJ), the Departmental Appeals Board declined review; therefore, the ruling of the ALJ became the Secretary's final decision. See 42 U.S.C. 405(h); 42 C.F.R. 1005.22(j). The district court affirmed the Secretary's decision, and this appeal followed.
 
 
 6
 Plaintiff was excluded from participation in the Medicare and Medicaid programs pursuant to 42 U.S.C. 1320a-7(b)(4)(B), which provides that the Secretary may exclude from participation an individual who surrendered his license to provide health care while a formal disciplinary proceeding concerning professional competence or performance was pending before a State licensing authority. Plaintiff surrendered his Kansas health care license based on allegations by the Kansas State Board of Healing Arts (KSBHA) concerning plaintiff's professional performance. As a result, the Inspector General imposed a three-year period of exclusion at the initial stage of these proceedings. After a hearing, the ALJ determined that plaintiff had improperly supplemented the records of a patient and had advertized his services in an unprofessional manner. The ALJ also concluded that before performing breast examinations or administering treatment to the breast or anal areas of female patients, plaintiff had failed to explain the reason for the treatment, to permit the patient to refuse the treatment, or to inform the patient that she could have a third person in the room during treatment. The ALJ found mitigating circumstances, and reduced the period of exclusion from three years to two years.
 
 
 7
 On appeal, plaintiff maintains he should not have been excluded from participation in the programs because (1) the finding that he unlawfully supplemented the records of a patient ignored a Kansas statute requiring him to supplement the records; (2) the exclusion based on his advertisements was outside the Secretary's authority and the stipulation on which the finding was based was not signed by the KSBHA so it was not binding; and (3) the evidence established that plaintiff had disclosed to his patients the reason for the treatment, the right to refuse treatment, and the option to have a third person in the room during treatment, contrary to the ALJ's findings.
 
 
 8
 We review the Secretary's decision to exclude a health care provider from participation in the Medicare and Medicaid programs pursuant to 42 U.S.C. 1320a-7(b)(4) to determine if the decision is supported by substantial evidence and the correct law was applied. See 42 U.S.C. 405(g), 1320a-7(f)(1). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted).
 
 
 9
 Plaintiff argues that Kan. Stat. Ann. 65-2837 required him to supplement the patient's records. That statute requires accurate written medical records to be kept. We express no opinion on whether the statute permits after-the-fact additions to medical records because here, the ALJ found plaintiff supplemented the patient's records in response to her charges of sexual misconduct, a finding of fact we will not disturb.
 
 
 10
 We next address plaintiff's claim that the stipulation with the KSBHA concerning plaintiff's advertising cannot form a basis for the ALJ's decision because the KSBHA did not sign the copy presented to the ALJ. Plaintiff's argument misses the mark. The ALJ's role was not to enforce the stipulation. Rather, the ALJ based his decision on plaintiff's admissions to the KSBHA concerning his advertising. Moreover, Leonard R. Friedman, M.D., Board Decision No. 1281 (1991), does not hold, as plaintiff claims, that the ALJ is precluded from considering violations of state advertising laws when evaluating whether to exclude an individual from participation in the Medicare and Medicaid programs.
 
 
 11
 Finally, plaintiff calls to our attention evidence to refute the ALJ's findings that plaintiff had failed to inform patients of the reason for treatment, to permit the patient to refuse the treatment, and to have a third person in the room during treatment. Plaintiff maintains that the facts do not support the ALJ's determination to exclude plaintiff from participation in the Medicare and Medicaid programs. In reviewing the ALJ's findings, we do not resolve conflicts in the evidence or reevaluate credibility. Myers v. Secretary of Health & Human Servs., 893 F.2d 840, 842, 846 (6th Cir.1990); cf. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir.1994)(in disability case, reviewing court defers to ALJ on credibility matters; reviewing court will not reweigh evidence). Therefore, we cannot accommodate plaintiff's request to substitute our judgment of the witnesses' credibility for that of the ALJ. Based on our review of the administrative record, we conclude the ALJ's decision is supported by substantial evidence. Accordingly, the district court properly affirmed the Secretary's decision.
 
 
 12
 Plaintiff's motion to file exhibits not presented to the district court is denied.
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation