**Ronald G. ROSS, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

**No. Civ.A. 97–4074–DES.**

United States District Court,
D. Kansas.

March 16, 1998.

Mitchell D. Wulfekoetter, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Plaintiff.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This case is an appeal from a decision denying plaintiff's application for social security benefits. This case is now before the court upon defendant's motion for remand (Doc. 10).

In July 1992, plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff alleged an inability to work, beginning in November 1990, resulting from back pain and depression. The Social Security Administration denied plaintiff's application for disability benefits both initially and upon reconsideration.

Following an administrative hearing, an administrative law judge ("ALJ") concluded that plaintiff is not entitled to disability insurance benefits under Title II because he had not been "disabled" within the meaning of the Social Security Act at any time when he met the statutory earnings requirement.[2] On September 28, 1994, the Appeals Council granted review and vacated the ALJ's decision. The Appeals Council remanded the case to the ALJ with orders to further develop the evidence concerning plaintiff's mental

---

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for John J. Callahan as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2. For insured status under the Act, an individual is required to have 20 quarters of coverage in the 40–quarter period ending with the first quarter of disability. This is the so-called "earnings requirement." 42 U.S.C. § 416(i)(3)(B) and § 423(c)(1)(B).

impairment and to give further consideration to certain portions of plaintiff's testimony.

Following a second administrative hearing held on October 23, 1995, the ALJ again concluded that plaintiff is not entitled to disability insurance benefits. This decision was affirmed by the Appeals Council on March 5, 1997, and plaintiff brought the present case to challenge that decision. Plaintiff's complaint asks the court to award plaintiff a period of disability and disability benefits commencing on October 30, 1991. Defendant's answer asks that the case be dismissed and that the decision denying benefits be affirmed. Following the Complaint and the answer, defendant filed the instant motion to remand, which plaintiff has opposed.

42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). The reviewing court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir. 1991). In contrast, "evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir.1994) (citation omitted). "A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir.1992) (citations omitted). The reviewing court must also determine whether the Commissioner applied the Correct legal standards. *Washington*, 37 F.3d at 1439. Reversal is appropriate not only for lack of substantial evidence, but also for cases in which the Commissioner applies the wrong legal standards. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994).

The district court's authority to remand a social security case is limited to three carefully defined Circumstances. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the Secretary's

decision. *Id.* at 98; 42 U.S.C. § 405(g). This is a "sentence four" remand. Alternatively, the court may remand the case without ruling on the merits if (1) the Secretary requests remand, for good cause, prior to filing her answer; or (2) new and material evidence is produced, and there is good cause for failing to incorporate such evidence in the earlier proceeding. 42 U.S.C. § 405(g). These are "sentence six" remands. *Melkonyan*, 501 U.S. at 100 & n. 2.

In this case, defendant expressly requests the Court enter a final judgment pursuant to Fed.R.Civ.P. 58 reversing the ALJ's decision and remanding the case under sentence four of 42 U.S.C. § 405(g). Defendant asks for remand so that certain deficiencies in the administrative hearing might be corrected. Defendant notes that the Appeals Council has requested return of this case to a new ALJ to give further consideration to the testimony of the medical expert regarding plaintiff's frequent deficiencies of concentration, persistence, or pace, considering that the vocational expert testified that such deficiencies could affect plaintiff's occupational base. The Appeals Council would also like the ALJ to obtain the vocational expert's opinion in response to a more fully developed hypothetical question and would like the ALJ to address the witness testimony to which he stipulated at the hearing.

Plaintiff disagrees with defendant's Contention that the record contains deficiencies which need to be Corrected. According to plaintiff, "the questions which defendant wants asked have already been asked and the answer is total disability." Essentially, plaintiff argues that remand for further consideration would be duplicative and unnecessary. Instead, plaintiff suggests the court simply reverse the ALJ's decision and enter an order granting disability insurance benefits.

 Based on his credibility assessment, the ALJ found that plaintiff had limitations with bending, pulling, and twisting, as well as frequent deficiencies of concentration, persistence, or pace. However, the ALJ failed to include these limitations in the hypothetical question posed to the vocational expert. The law of the Tenth Circuit requires

that the hypothetical question posed to the vocational expert include all the impairments and restrictions found credible by the ALJ. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir.1991). This was not done in this case. Accordingly, the Commissioner's decision must be reversed for failure to apply proper legal standards designed to provide the court with a fully developed record for review. See *Henrie v. U.S. Dept. of Health & Human Services,* 13 F.3d 359, 361 (10th Cir. 1993) (reversal and remand for failure of ALJ to follow Social Security ruling requiring findings regarding ability of claimant to return to past occupation given his or her residual functional capacity). The court will reverse and remand this case for further proceedings instead of reversing and remanding for an award of benefits because review of the record indicates there is a substantial issue as to whether benefits should be awarded in this case. Additional fact finding will clarify the extent of plaintiff's condition and insure a fully developed record for review.

Both parties request that the Court impose restrictions on the scope of the ALJ's review. This the court declines to do. Although the ALJ should further consider the issues set forth by the Appeals Council, he or she is free to examine, and further develop if necessary, other areas of the record which, in the ALJ's opinion, are deficient.

As a final matter, the court recognizes the delay which has attended plaintiff's application for benefits. While the delay does not provide a sufficient reason to direct an award of benefits, the court notes that prompt disposition of plaintiff's case would further the ends of the Social Security Act.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's motion for remand (Doc. 10) is granted and, pursuant to sentence four of 42 U.S.C. § 405(g), that this case is reversed and remanded to the Commissioner for further proceedings in accordance with this opinion.

Dated this 13 day of March, 1998, at Topeka, Kansas.