**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BARBARA J. STRUNK,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant-Appellee.

No. 03-5164
(D.C. No. CV-02-588-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **ANDERSON**, Circuit Judges, and **KANE**,** Senior
District Judge.

---

      Claimant Barbara J. Strunk appeals from a decision of the district court

affirming the Social Security Commissioner's denial of Ms. Strunk's application

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

for supplemental security income (SSI). Ms. Strunk alleged disability due to cervical and lumbar strains, asthma, depression, anxiety, and atypical migraines. The agency denied her application initially and on reconsideration. Ms. Strunk then received a de novo hearing before an administrative law judge (ALJ).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). In this case the ALJ found, at step four of the sequential evaluation process, that Ms. Strunk was not disabled within the meaning of the Social Security Act because her residual functional capacity did not preclude her from performing past relevant work. In the alternative the ALJ found, at step five of the sequential evaluation process, that even if Ms. Strunk "were unable to perform past relevant work, thus shifting the burden to the Commissioner to show that there [are] a significant number of other jobs in the national economy, the medical-vocational guidelines . . . would direct a conclusion of 'not disabled' at the light exertional level." Aplt. App., Vol. I at 103. The Appeals Council denied Ms. Strunk's request for review, making the ALJ's March 2000 decision the final decision of the Commissioner. The district court affirmed in August 2003, and this appeal followed. We exercise jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

Our review of the Commissioner's decision is limited to determining whether the correct legal standards were applied and whether the Commissioner's factual findings are supported by substantial evidence in the record. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). In so doing, we may neither "reweigh the evidence nor substitute our judgment for the [Commissioner's]." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Ms. Strunk raises two issues on appeal. First, she generally asserts that the ALJ failed to properly consider her mental impairment. In particular, she contends that the ALJ erred in affording greater weight to the opinion of Thomas A. Goodman, M.D., than to the opinion of Kathleen Long, M.S.W. The relevant regulation pertaining to the evaluation of opinion evidence states that "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s)." 20 C.F.R. § 416.927(a)(2). There are five acceptable medical sources: (1) licensed medical or osteopathic doctors, (2) licensed or certified psychologists, (3) licensed optometrists, (4) licensed podiatrists, and (5) qualified speech-language pathologists. *Id.* § 416.913(a)(1)-(a)(5). Ms. Long is not an acceptable medical source. *See id.*[1] Notwithstanding, the ALJ throughly

---

[1] Ms. Long, who has a master's degree in social work, served as Ms. Strunk's non-medical counselor at Parkside Mental Health between approximately

(continued...)

considered Ms. Long's treatment notes and the psychiatric review technique (PRT) form she completed.

This PRT, upon which Ms. Strunk places great emphasis, indicated that she suffered from a severe impairment. It also rated Ms. Strunk's functional limitations. But the functional limitations Ms. Long identified in the PRT were inconsistent with Ms. Long's treatment notes. Moreover, the PRT stated that Ms. Strunk's impairment, while severe, was not expected to last twelve months, Aplt. App., Vol. II at 205, thereby precluding an award of benefits, *see* 42 U.S.C. § 1382c(a)(3)(A) (stating that an individual must demonstrate his "medically determinable . . . mental impairment . . . can be expected . . . to last for a continuous period of not less than twelve months" to be considered disabled under the Act); *see also* 20 C.F.R. § 416.905(a). Having meticulously reviewed the record and viewed it in its entirety, *see Williams*, 844 F.2d at 750, we agree with the ALJ's decision not to "accord great weight to the assessment by Kathleen Long," Aplt. App., Vol. I at 101, and we conclude that there is substantial evidence to support the ALJ's reliance on Dr. Goodman's opinion.

The second issue Ms. Strunk raises on appeal is two-part. She asserts the ALJ failed to properly (1) consider her impairments in combination, *see* 20 C.F.R.

---

[1](...continued)
September 1999 and November 2000. Dr. Goodman is a licensed medical doctor and certified psychiatrist who examined Ms. Strunk on June 1, 1999.

-4-

§ 416.923, and (2) construct hypothetical questions for the vocational expert. To support these assertions Ms. Strunk quotes the ALJ's hypothetical. But the hypothetical and the ALJ's written decision make clear that the ALJ correctly considered Ms. Strunk's impairments in combination. Ms. Strunk also contends the ALJ's hypothetical was flawed because the ALJ did not "obtain a precise description of the particular job duties . . . in order to determine if the claimant's mental impairment [would be compatible] with the performance of such work." Aplt. Opening Br. at 20. But the ALJ is not required to do so. The ALJ explicitly "rate[d] the degree of [Ms. Strunk's] functional loss," as required by 20 C.F.R. § 416.920a(b)(3)-(c) (2000), and found "no significant limitation from the depression and/or anxiety," Aplt. App., Vol. I at 101. Substantial evidence in the record supports this conclusion, and a precise description of job duties, on the facts of this case, would be superfluous.

The record contains substantial evidence to support the ALJ's finding of nondisability and the correct legal standards were applied. The judgment of the district court is AFFIRMED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge

-5-