FILED
United States Court of Appeals
Tenth Circuit

February 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHANNAN M. BURRELL,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

Defendant - Appellee.

No. 14-7037
(D.C. No. 6:12-CV-00475-JHP-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Shannan M. Burrell appeals the district court's decision affirming the

Commissioner's denial of disability and supplemental security income benefits.

Burrell contends the administrative law judge (ALJ) incorrectly assessed her residual

functional capacity (RFC) and improperly evaluated her credibility. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Burrell applied for disability benefits after suffering a neck injury at work. The Commissioner initially denied her claim, but the district court remanded for further proceedings. During the pendency of those proceedings, Burrell added a claim for supplemental security income benefits, which the agency combined with her disability claim. By that time, Burrell had undergone two cervical spinal fusions and had developed additional problems in her lumbar spine.

At her hearing before the ALJ, Burrell described her symptoms and the nature of her limitations. She said she experienced numbness in her extremities, particularly her right hand, pain in her back, and extreme sleepiness as a side-effect of her medications. According to Burrell, as a result of her condition, she spent the majority of her day in a recliner.

The ALJ considered this and other evidence but concluded at step five of the five-step sequential evaluation process that Burrell was not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (explaining five-step evaluation process); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (same). The ALJ determined that two cervical spine surgeries left Burrell severely impaired with radiculopathy to the right upper extremity and degenerative disc disease of the lumbar spine. However, the ALJ concluded Burrell was not disabled because she retained the RFC for certain light work. The Appeals Council denied review, and Burrell initiated this action in the district court, raising three arguments.

Burrell first challenged the ALJ's RFC assessment claiming it failed to comply with Social Security Ruling 96-8p, 1996 WL 374184 (July 2, 1996) (SSR 96-8p). Under that ruling, a claimant's RFC must reflect "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Id.* at *2 (emphasis omitted). The ruling further describes the RFC assessment as "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id.* at *3. Citing these provisions, Burrell argued the ALJ failed to perform a "function-by-function" assessment of her ability to work on a "regular and continuing basis."

The magistrate judge to whom this case was referred rejected this argument and concluded the RFC complied with SSR 96-8p. The magistrate judge summarized the relevant evidence, recognizing an RFC determination must "assess the claimant's ability to perform the 'physical demands of work activity, such as sitting, standing, walking, and lifting.'" Aplt. App., Vol. I at 65 (brackets omitted) (quoting 20 C.F.R. §§ 404.1545(b), 416.945(b)). Further, the magistrate judge recognized that an RFC must account for the claimant's ability to work on a "regular and continuing basis" and that the ALJ must "'describe the maximum amount of each work-related activity the individual can perform.'" *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *7). Finally, the magistrate judge observed that an RFC "'must be based on *all* of the relevant evidence in the case record,' including medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence,

- 3 -

medical source statements, effects of symptoms, and evidence from attempts to work." *Id.* (quoting SSR 96-8p, 1996 WL 374184, at \*5).  The magistrate judge concluded the ALJ evaluated the relevant evidence as required by SSR 96-8p and found no error in the ALJ's RFC assessment.  *See Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014) (concluding ALJ's evaluation of evidence provided adequate narrative discussion required by SSR 96-8p, although RFC lacked explicit function-by-function analysis).

Burrell also claimed her RFC failed to account for the side-effects of her medication.  Rejecting this argument as well, the magistrate judge observed that the ALJ found Burrell's alleged side-effects to be medically indeterminable.  *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) (providing that Commissioner will formulate RFC by considering all medically determinable impairments).  Although Burrell testified her medications caused extreme drowsiness and memory loss, the ALJ pointed out she made no such reports to her doctors.  *See* Aplt. App., Vol. II at 279.  Indeed, Burrell's medical records verify that while she routinely complained of sleep difficulties, she denied any adverse effects from her medications.  *See, e.g., id.*, Vol. III at 638 (note indicating Burrell felt "tired" but had "no complaints" from "[a]dverse effects of medications"); *id.* at 696 (note indicating Burrell unable to take one medication but "denie[d] any adverse side effects from the medication"); *id.* at 837 (note indicating "[Burrell] denied any adverse side effects from the medication").  Burrell disputed the ALJ's finding, insisting she reported drowsiness to her

- 4 -

physician, Dr. Harleen Grewal. But as the magistrate judge pointed out, none of the treatment notes Burrell cited attributed her drowsiness to a side-effect of her medications.

Finally, Burrell challenged the ALJ's adverse credibility finding. In particular, she disputed the ALJ's determination that she provided inconsistent statements in her testimony and claimed the ALJ should have further questioned her regarding any perceived inconsistencies. The magistrate judge rejected this argument, recognizing that an ALJ's credibility findings must be "'closely and affirmatively linked to substantial evidence.'" *Id.*, Vol. I at 67 (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). Citing the various factors that must be considered when evaluating a claimant's credibility, *see* Social Security Ruling 96-7p, 1996 WL 374186, at *3 (July 2, 1996), the magistrate judge concluded the ALJ had satisfied the obligation to link credibility findings to substantial evidence.

Burrell objected and the district court conducted a de novo review, ultimately adopting the magistrate judge's report and recommendation and affirming the denial of benefits.

## II

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). In conducting this review, we consider whether

- 5 -

the ALJ followed specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we do not reweigh the evidence or substitute our judgment for the Commissioner's. *Lax*, 489 F.3d at 1084.

On appeal, Burrell advances the same three arguments, verbatim, she raised in the district court. She maintains the ALJ failed to perform a function-by-function assessment of her ability to work on a regular and continuing basis, and she insists her RFC fails to account for the side-effects of her medications. She also maintains the ALJ failed to correctly evaluate her credibility without reconciling any perceived inconsistencies. We agree with the magistrate judge's cogent analysis, and augment it only to reference the substantial evidence underlying the ALJ's adverse credibility finding.

The ALJ discounted Burrell's testimony in part due to her inconsistent reports of pain. *See, e.g.*, Aplt. App., Vol. II at 214 (August 25, 2008 note indicating she experienced no pain); *id.*, Vol. III at 688 (May 4, 2010 note indicating "near total body pain"); *id.* at 492 (July 22, 2010 note indicating "her pain is simply not controlled"); *id.* at 683 (January 27, 2011 note indicating, "She is doing extremely well. Her pain is much, much better . . . ."); *id.* at 696 (February 25, 2011 note indicating, "She . . . is complaining of severe pain despite her medications."). The ALJ also observed that while Burrell's pain had been fully evaluated, there was no objective evidence to support the severity of pain she described. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining that statements about the intensity and

- 6 -

persistence of pain will be evaluated for consistency with objective medical signs and laboratory findings).

While Burrell's condition would reasonably be expected to result in some degree of pain, the ALJ cited exams performed by a neurosurgeon and pain specialist, who could not attribute the severity of pain Burrell described to any of her diagnoses. *See* Aplt. App., Vol. III at 837 (pain management note characterizing Burrell's condition as "Post cervical surgery syndrome" and "Centralized pain syndrome"); *id.* at 988 (neurological exam indicating slightly diminished sensory and motor function but otherwise normal). Additionally, the ALJ cited inconsistencies between the record and Burrell's testimony. *See id.*, Vol. II at 293 (observing that Burrell's grip strength was consistently normal but she testified she could not hold a gallon of milk). We have no authority to reweigh this evidence. *See Lax*, 489 F.3d at 1084.

Burrell further insists the ALJ should have questioned her about any perceived inconsistencies, particularly her apparent legal problems and records indicating she denied having children. But "an ALJ's duty of inquiry is [not] 'a panacea for claimants,' requiring 'reversal in any matter where the ALJ fails to exhaust every potential line of questioning.'" *Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009) (quoting *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994)). We conclude the magistrate judge appropriately found substantial evidence supported the ALJ's adverse credibility finding.

Accordingly, we affirm the district court's judgment for substantially the same reasons stated in the magistrate judge's February 28, 2014, decision – a decision the district court adopted in its March 21, 2014, order.

Entered for the Court

Nancy L. Moritz
Circuit Judge