**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 28, 2007**

**FOR THE TENTH CIRCUIT**

---

MELISSA SIMIEN, Mother and Next
Friend to Jannai Simien, a minor child,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 06-5153
(D.C. No. 05-CV-15-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT[**]**

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Melissa Simien seeks judicial review of the Commissioner's determination

that her minor child, Jannai Simien, does not qualify for Supplemental Security

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Income (SSI) disability.  We have jurisdiction under 42 U.S.C. § 405(g) and

28 U.S.C. § 1291, and we reverse and remand for further proceedings.

Jannai was awarded SSI benefits as of March 1, 1995.  Congress amended

the statutory standards for children seeking SSI benefits in 1996, and the

Commissioner found that under the new standards Jannai's limitations no longer

met the definition of disability for children.  After numerous delays, an

administrative law judge (ALJ) held a hearing on July 1, 2004.  He determined

that Jannai did not have impairments that functionally equaled the listings under

20 C.F.R. § 416.926a.  *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235,

1237 n.1 (10th Cir. 2001) (describing functional equivalency).  Under that

section, an impairment "must result in 'marked' limitations in two domains of

functioning or an 'extreme' limitation in one domain."  20 C.F.R. § 416.926a(a).

"These domains are broad areas of functioning intended to capture all of what a

child can or cannot do."  *Id.* § 416.926a(b)(1).  They include:  "(i) "Acquiring and

using information; (ii) Attending and completing tasks; (iii) Interacting and

relating with others; (iv) Moving about and manipulating objects; (v) Caring for

yourself; and, (vi) Health and physical well-being."  *Id.*  The ALJ found that

Jannai had marked limitations in interacting and relating with others, less than

marked limitations in attending and completing tasks, and no limitations in the

other four domains.  He concluded that Jannai was no longer under a disability at

any time after July 1, 1997. The Appeals Council denied review and the district court affirmed the Commissioner's decision.

We review the district court's decision *de novo* to determine whether the agency's decision is free of legal error and supported by substantial evidence. *See Briggs*, 248 F.3d at 1237. Mrs. Simien raises two issues on appeal: (1) that the ALJ failed to consider all of the evidence; and (2) that the ALJ failed to adequately develop the record and provide sufficient assistance to Jannai, who was not represented by counsel. She first argues that the ALJ ignored the evidence of Jannai's diagnoses other than attention deficit hyperactivity disorder ("ADHD").[1] She points out that he was also diagnosed with oppositional defiant disorder ("ODD"), *see* App., vol. 1 at 192; impulse control disorder, *id.* at 194, 200; and intermittent explosive disorder, *see id.* Jannai's most recent medical records also include provisional diagnoses of "Bipolar mixed, psychotic features" and ODD, *see id.*, vol. 2 at 331, and final diagnoses of mood disorder and conduct disorder, *see id.* at 332.

---

[1] The Commissioner argues that Mrs. Simien waived this argument by failing to present it to the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). "However, we retain discretion to consider issues for the first time on appeal based on the facts of the individual case." *Ross v. U.S. Marshal for E. Dist. of Okla.*, 168 F.3d 1190, 1195 n.5 (10th Cir. 1999). We note that Mrs. Simien first raised the issue of Jannai's bipolar diagnosis in her request for review by the Appeals Council. *See* App., vol. 1 at 7. Moreover, the district court acknowledged that Jannai alleged disability based on both ADHD and ODD, and that he had been diagnosed as being bipolar. *See id.*, vol. 2 at 423. Whether the ALJ adequately considered Jannai's other diagnoses is a question of law, and we exercise our discretion to consider it. *See Ross*, 168 F.3d at 1195 n.5.

The ALJ referenced the Commissioner's previous determination of disability based on Jannai's diagnoses of ADHD and ODD, as well as evidence of both of those disorders in 1995, prior to the Commissioner's redetermination. *See id.*, vol. 1 at 11, 12. The Commissioner argues that these references to ODD, in conjunction with the ALJ's finding that Jannai had marked limitations in the domain of interacting and relating with others, demonstrate that he adequately considered all of Jannai's various diagnoses. Although the ALJ must consider all the evidence, he is not required to discuss every piece of evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But "the ALJ . . . must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. Jannai's other diagnoses qualify as significantly probative evidence because the ALJ must assess the combined effect of all of a claimant's medically determinable impairments. *See Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (reversing where ALJ failed to consider claimant's diagnosis of borderline personality disorder). Here, the ALJ failed to even mention several of Jannai's diagnoses. Therefore, we agree with Mrs. Simien that the record does not demonstrate that the ALJ considered all of the evidence in this case. *See Clifton*, 79 F.3d at 1009.

Mrs. Simien also contends the ALJ ignored the evidence of Jannai's Global Assessment of Functioning ("GAF") ratings, which ranged from 30 to 50. A GAF rating reflects a clinician's judgment of the patient's "overall level of

-4-

functioning." Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders: DSM-IV-TR 32 (4th ed. Text Revision 2000). A GAF rating in the range of 21 to 30 indicates that the patient's

> [b]ehavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day; no job, home, or friends).

*Id.* at 34. A patient whose GAF rating is in the range of 41 to 50 has "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* The ALJ was tasked with determining the level of Jannai's functioning within the six domains, yet he made no mention of Jannai's GAF ratings. We agree with Mrs. Simien that he could not simply ignore this evidence. *See Clifton*, 79 F.3d at 1010.

Mrs. Simien next argues that the ALJ failed to adequately develop the record in this case or to provide adequate assistance to Jannai. An ALJ has a heightened duty to develop the record when a claimant is not represented by counsel. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). "The duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts." *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993) (quotation and brackets omitted). "The length, or brevity, of a benefits hearing is not

dispositive of whether or not the ALJ met the heightened obligation to fully develop the record in a case where the claimant is unrepresented." *Musgrave*, 966 F.2d at 1374. Rather, the issue is whether the ALJ asked sufficient questions in order to ascertain answers to the legally relevant questions. *See id.* at 1374-75.

Mrs. Simien contends the extremely brief hearing in this case was insufficient to allow the ALJ to answer all of the inquiries required by the regulations, namely:

> (i) What activities are you able to perform?
>
> (ii) What activities are you not able to perform?
>
> (iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?
>
> (iv) Where do you have difficulty with your activities–at home, in childcare, at school, or in the community?
>
> (v) Do you have difficulty independently initiating, sustaining, or completing activities?
>
> (vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2). The Commissioner maintains the hearing was adequate because the written record is extensive and the ALJ gave both Jannai and Mrs. Simien an *opportunity* to describe the problems he was experiencing and to produce any additional records. *See Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994) (holding duty of inquiry satisfied in light of documentary record

-6-

and claimant's extensive testimony on nature of her impairments and their impact on her physical abilities).  In contrast to the hearing in *Glass*, the ALJ's inquiries regarding Jannai's difficulties with relevant activities in and out of school were extremely limited or nonexistent.  Jannai's and Mrs. Simien's combined testimony spans less than five transcript pages.  And, as Mrs. Simien points out, Jannai is a child with at least one severe mental impairment who cannot be expected to advocate for himself.  The record also reflects that Mrs. Simien was not capable on her own, without appropriate assistance from the ALJ, of articulating the effects of Jannai's medical problems.  We conclude that the hearing in this case failed to sufficiently address all of the required inquiries, in light of the limitations of Jannai and Mrs. Simien, and we remand for a new hearing before the ALJ.  We also note that there are no medical records from the period between December 1999 and May 2004 in the administrative record and that it was during this time Jannai was apparently diagnosed as bipolar.  App., vol. 2 at 316; *see also id.* at 396 (at short hearing in August 2003 a different ALJ noted there were medical records missing from the file); *id.* at 399 (the ALJ said "I don't think we have everything we need.").  We suggest that the Commissioner attempt to obtain the missing records on remand.

Finally, Mrs. Simien contends the ALJ should have ordered a consultative examination of Jannai or called a medical expert to testify.  An ALJ "has broad latitude in ordering consultative examinations," *Hawkins v. Chater*, 113 F.3d

1162, 1166 (10th Cir. 1997), and in seeking opinions of medical experts, *see* 20 C.F.R. 416.927(f)(2)(iii) (providing that ALJ may consider opinions from medical experts on nature and severity of impairments).  In light of our remand for a new hearing, and to allow the ALJ to consider the evidence of Jannai's other diagnoses and his GAF ratings, we leave to the ALJ the determination whether to order a consultative examination or to obtain evidence from a medical expert witness regarding the nature and severity of Jannai's impairments as they relate to his ability to function in the six domains.[2]

We REVERSE the judgment of the district court and REMAND this case to the district court with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[2] We note that in prior hearings scheduled by or held before other ALJs in this case, medical experts were requested to testify.  *See, e.g.*, App., vol. 2 at 389 (medical expert testified at hearing in 2000 that "the information in the file is not sufficient . . . to give an opinion at this time"); *id.* at 391 (ALJ reserves decision pending psychiatrist evaluation of Jannai).  That evaluation was apparently not completed.